IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULE DRAGOS,<br><br>    Petitioner,<br><br>v.<br><br>JAMES A. YATES, Warden<br><br>    Respondent._____/ | No. CV 09-4417 CRB<br><br>**ORDER DENYING HABEAS PETITION** |

Petitioner Jule Dragos, who is in the custody of the California Department of Corrections, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that he received ineffective assistance of counsel during his sentencing and is entitled to habeas relief. However, Petitioner's habeas petition fails because he has not shown that the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court." See 28 U.S.C. § 2254(d)(1). The Supreme Court has never established what standard to apply to counsel's performance in non-capital sentencing proceedings. Therefore, this Court DENIES Petitioners habeas petition because Petitioner has failed to show an unreasonable application of "clearly established federal law."

**I.     BACKGROUND**

Petitioner initially pleaded no contest to sexually abusing two children and received a

sentence of 90 years.  The California Court of Appeal reversed and remanded.  On remand, Petitioner pleaded guilty to all charges with no conditions attached to the plea.  He was sentenced to 52 years and 4 months to life.  The Court of Appeal reversed for re-sentencing based on the trial court's mistaken belief that it could not impose part of the sentence concurrently.  On remand, the trial court imposed a sentence of 45 years to life.

Petitioner challenges his sentence, claiming ineffective assistance of counsel.  During his first sentencing hearing, Petitioner's lawyer introduced a psychological report that Petitioner claims was so detrimental to his case that introducing it amounted to ineffective assistance under Strickland v. Washington, 466 U.S. 688 (1984).  The report described Petitioner as dangerous and expressed concern about his future access to potential victims.  At his second sentencing, Petitioner had new counsel.  His new lawyer did not object to the use of the report at the hearing, nor move to strike the report.  Petitioner claims that these failures also amounted to ineffective assistance of counsel.

## II.  LEGAL STANDARD

This Court may entertain a petition for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  But under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petition may not be granted with respect to any claim adjudicated on the merits in state court proceedings unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

A state court decision is contrary to clearly established federal law if it "applies a rule that contradicts the governing law set forth" by the Supreme Court or if it "confronts a set of facts . . . materially indistinguishable from a decision of [the Court] and nevertheless arrives at a result different from [that] precedent."  Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

2

1  Otherwise, habeas relief may be granted if the reviewing court determines that the state court
2  decision constitutes an "<u>unreasonable</u> application of clearly established federal law, or [is]
3  based on an <u>unreasonable</u> determination of the facts." <u>Early v. Packer</u>, 537 U.S. 3, 11 (2002)
4  (emphasis in original) (internal quotation marks omitted).  This standard of review is highly
5  deferential to the state courts and demands that the state-court decisions "be given the benefit
6  of the doubt."  <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002); <u>Lindh v. Murphy</u>, 521 U.S.
7  320, 333 n.7 (1997).

**III.    ANALYSIS**

"When the Supreme Court established the test for ineffective assistance of counsel claims in <u>Strickland</u>, the Court expressly declined to 'consider the role of counsel in an ordinary sentencing, which . . . may require a different approach to the definition of constitutionally effective assistance.'" <u>Cooper-Smith v. Palmateer</u>, 397 F.3d 1236, 1244 (9th Cir. 2005), <u>cert. denied</u>, 546 U.S. 944 (2005) (quoting <u>Strickland</u>, 466 U.S. at 686).  Since <u>Strickland</u>, the Supreme Court has "not delineated a standard which should apply to ineffective assistance of counsel claims in noncapital sentencing cases." <u>Davis v. Grigas</u>, 443 F.3d 1155, 1158 (9th Cir. 2006).

If there is no "clearly established federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), then this Court cannot grant habeas relief.  See <u>Davis v. Belleque</u>, No. 07-901, 2010 U.S. Dist. LEXIS 109557, at *3-*4 (D. Oregon October 13, 2010) (finding that habeas relief could not be granted because there was no clearly established federal law on the standard for lawyers in non-capital sentencing hearings); <u>Briscoe v. Scribner</u>, No. S-04-2175, 2010 U.S. Dist. LEXIS 37525, at *210 (E.D. Cal. April 15, 2010) (same); <u>Washington v. Donat</u>, No. 06-cv-00705, 2010 U.S. Dist. LEXIS 13839, at *45-*46 (D. Nevada, February 17, 2010) (same); <u>Lopez v. Campbell</u>, No. 05-00481, 2008 U.S. Dist. LEXIS 92809, at *92 (E.D. Cal. November 5, 2008) (same).  Because the two-prong <u>Strickland</u> test has never been endorsed by the Supreme Court in non-capital sentencing hearings, this Court will not address whether or not Petitioner's counsel was ineffective at the sentencing hearings under the <u>Strickland</u> test.

3

Petitioner's habeas petition is limited to the actions of counsel during sentencing, a claim for which no relief is available. Therefore, this Court DENIES Petitioner's habeas claim because he has failed to show a violation of clearly established federal law.[1]

**IT IS SO ORDERED.**

Dated: March 24, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner argues in briefing that the state court also based its decision on an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." See 28 U.S.C. § 2254(d)(2). This would avoid the problem of there being no clearly established federal law, but Petitioner fails to point to any facts that the state court unreasonably relied on. Therefore, the Court finds that habeas relief must also be denied under § 2254(d)(2).

G:\CRBALL\2009\4417\dismissorder.wpd        4